THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAIGE LINDSEY SCHOELKOPF,     :
          :
          Plaintiff,     :     3:24-CV-1288
     v.     :     (JUDGE MARIANI)
          :
LIANNA NG, *et al.*,     :
          :
          Defendants.     :

## MEMORANDUM OPINION

Presently before the Court is a motion for default judgment filed by Plaintiff Paige Lindsey Schoelkopf ("Plaintiff"). (Doc. 29). For the reasons that follow, the motion will be denied without prejudice.

## I.    FACTUAL BACKGROUND

On August 1, 2024, Plaintiff filed a complaint (the "Complaint") against Defendants Lianna Ng, Simon Doung and 233 King Arthur, LLC. (Doc. 1). Plaintiff's Complaint alleges three counts of negligence, one count against each of the Defendants. (*Id.*). Plaintiff subsequently filed affidavits of service, (Docs. 18-19), and moved for an entry of default against Defendants Lianna Ng and 233 King Arthur, LLC. (Doc. 27). On June 6, 2025, the Clerk of Court entered default pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 28). On June 20, 2025, Plaintiff filed the instant motion for default judgment. (Doc. 29). Upon review of Plaintiff's motion, the Court issued the following Order:

**AND NOW, THIS 30th DAY OF JUNE 2025, IT IS HEREBY ORDERED THAT:**

1. Plaintiff is directed to file a brief and any supporting documentation within fourteen (14) days of the date of this Order, setting forth why service of process was proper under the Federal Rule of Civil Procedure.

2. The brief shall include specific references to the subsection(s) of Federal Rule of Civil Procedure 4 upon which Plaintiff alleges service of process was proper, including New York and/or Pennsylvania law to the extent Plaintiff relies on Federal Rule of Civil Procedure 4(e)(1).

(Doc. 30). Plaintiff timely replied, (Doc. 31), and set forth arguments why service was proper.

## II.    ANALYSIS

### A.    Plaintiff is Not Entitled to Default Judgment

Default judgments are governed by Federal Rule of Civil Procedure 55. "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default judgment is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citations omitted). However, "[a] district court may not enter a default judgment unless it is satisfied that it has personal jurisdiction over the defendant." *Pars Tekstil Sanayi Tic, A.S. v. Dynasty Designs, Inc.*, 2008 WL 3559607, at *1 (E.D. Pa. Aug. 13, 2008). "A prerequisite to the court's acquiring personal jurisdiction over the defendant is the proper service on the defendant of the summons and complaint." *Id.* (citing *Grand Entmn't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993)). The Third Circuit has made clear that it "does not favor entry of defaults or default judgments." *United States v. Mulvenna*, 367 Fed. App'x 348, 350 (3d Cir. 2010) (citations

2

omitted). Moreover, "the party asserting the validity of service bears the burden of proof on that issue." *Grand Entmn't Grp.*, 988 F.2d at 488.

Federal Rule of Civil Procedure 4(e) governs service on an individual located within a judicial district of the United States. Fed. R. Civ. P. 4(e). The Rule provides, in relevant part, that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Because this Court is located within Pennsylvania and Defendants are citizens of the State of New York, both Pennsylvania and New York law may apply to service of process.

In this case, Plaintiff does not direct the Court to any New York State law governing service. *See, e.g.*, N.Y.C.P.L.R. § 308(2) (serving individual); N.Y.C.P.L.R. § 311-a (serving limited liability companies). Instead, Plaintiff alleges that Defendants Lianna Ng and 233 King Arthur, LLC were properly served with process pursuant to Pennsylvania Rule of Civil Procedure 404(2) and 403. (Doc. 31 at 4). Pennsylvania Rule of Civil Procedure 404 governs service outside of the Commonwealth of Pennsylvania. It provides, in relevant part, that: "[o]riginal process shall be served outside the Commonwealth within ninety days of the issuance of the writ or the filing of the complaint or the reissuance or the reinstatement thereof: . . . (2) by mail in the manner provided by Rule 403." Pa. R. Civ. P. 404(2). Rule 403, in turn, states:

> If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail ***requiring a receipt***

3

> ***signed by the defendant or his authorized agent***. Service is complete upon delivery of the mail.
>
>> (1) If the mail is returned with notation by the postal authorities that the defendant refused to accept the mail, the plaintiff shall have the right of service by mailing a copy to the defendant at the same address by ordinary mail with the return address of the sender appearing thereon. Service by ordinary mail is complete if the mail is not returned to the sender within fifteen days after mailing.
>>
>> (2) If the mail is returned with notation by the postal authorities that it was unclaimed, the plaintiff shall make service by another means pursuant to these rules.

Pa. R. Civ. P. 403 (emphasis added).

Plaintiff directs the Court to two unsigned Domestic Return Receipt cards (also known as green cards) and two United States Postal Service tracking pages to support service on Defendant Lianna Ng and Defendant 233 King Arthur, LLC by Certified Mail. (Docs. 18 at 2; 19 at 2); (Docs. 31-4; 31-5). The printouts from the USPS tracking pages indicate only that the Certified Mail was "Delivered, Left with Individual."[1] (*Id.*). And, as noted, the green cards contain no signature whatsoever, so it is unclear who received the documents. (*Id.*). "The burden is on the plaintiff to show that the defendant or the defendant's authorized agent signed the return receipt." *Kornea v. J.S.D. Mgmt., Inc.*, 336 F. Supp. 3d 505, 509 (E.D. Pa. 2018).

---

[1] District Courts in Pennsylvania have found service improper under similar circumstances. *See Lacy v. Mortg. Elec. Registration Sys., Inc.*, 2024 WL 3378318, at *4 (E.D. Pa. July 10, 2024) ("The receipt attached by the Lacy's to their proofs of service show a United States Postal Service tracking number and delivery 'Left with Individual' in Anaheim, California on March 6, 2024. There is no evidence Mr. Griffith or his authorized agent signed a receipt. Mailing is insufficient under Pennsylvania's service rules.").

It is apparent to the Court that Plaintiff has not met her burden of proving either Defendant Lianna Ng or Defendant 233 King Arthur, LLC was served pursuant to Pennsylvania Rules of Civil Procedure 404(2) and 403.  As the Proof of Service makes clear, (Doc. 18), there is no evidence before the Court that Defendant Lianna Ng was served by Certified Mail pursuant to Rule 404(2), as there is no signature on the return receipt.  *See Kornea*, 336 F. Supp. 3d at 510 ("The Court notes that Plaintiff did not provide a signed return receipt for the summons mailed on September 10, 2018 and therefore did not meet the requirement that process be mailed to the defendant by mail requiring a signed return receipt."); *see also Williams v. Mercedes-Benz USA*, 2025 WL 607545, at *11 (E.D. Pa. Feb. 24, 2025) ("Pennsylvania permits service by certified mail, return receipt requested, ***so long as it is signed for by the defendant or an authorized agent***.") (emphasis added).

Similarly, there is no evidence before the Court to find that 233 King Arthur, LLC was served pursuant to Rule 404(2) and 403.  As the Proof of Service makes clear, (Doc. 19), there is no signature on the return receipt so the Court cannot determine whether service was made by Certified Mail upon an authorized agent of 233 King Arthur, LLC.  *See Fitzsimmons v. Stuckey*, 2024 WL 1916707, at *4 (M.D. Pa. May 1, 2024) (finding defendant was not properly served with process where "none of Plaintiff's three Affidavits of Service reveal that Defendant signed for the mail attempted or delivered"); *see also Sokolowski v. Falling Creek Builders*, *LLC*, 2024 WL 2249921, at *4 (M.D. Pa. May 17, 2024) (no service

where "Plaintiffs do not offer any evidence that Defendants or an authorized agent signed the certified delivery receipt").  Accordingly, the Court must conclude that none of the Defendants were properly served with process under Pennsylvania law.

### B.    Federal Rule of Civil Procedure 4(m)

Federal Rule of Civil Procedure 4(m) governs the time limit for service of process. The Rule provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Although Plaintiff sought several extensions of time to serve the Complaint, (Docs. 5, 10, 15), all of which were granted, she had until May 21, 2025, to serve Defendants.  (Doc. 17, ¶ 2).  Plaintiff has not served any of the Defendants as of May 21, 2025, and therefore has failed to comply with Federal Rule of Civil Procedure 4(m).

"When determining whether good cause exists for a plaintiff's failure to effectuate timely service, the Court may consider such factors as '(1) reasonableness of the plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, and (3) whether plaintiff moved for an enlargement of time to serve.'"  *McCaffrey v. Windsor at Windermere Limited P'ship*, 2017 WL 5483773, at *8 (E.D. Pa. Nov. 15, 2017) (quoting *MCI Telecomms. Corp. v. Teleconcepts*, *Inc.*, 71 F.3 1086, 1097 (3d Cir. 1995)).  In addition, even if Plaintiff cannot show good cause, the Court may permit a discretionary extension of time.  *See*

*Fitzsimmons*, 2024 WL 1916707 at *3 ("If a plaintiff fails to show good cause, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.") (citation and quotation marks omitted).

Here, the Court does not find good cause to permit an extension of time under Rule 4(m). The latest attempt to serve Defendants—as evidenced by Plaintiff's latest submission, (Doc. 31)—was not reasonable. Nevertheless, Plaintiff has sought several extensions of time to serve Defendants, and there is evidence before the Court that may suggest that Defendants are actively attempting to evade service. For example, the United States Marshalls attempted to serve Defendants on multiple occasions and were not successful. (Docs. 7-9; 13). Accordingly, the Court will exercise its discretion and will extend the time to complete service of the Summons and Complaint for an additional sixty (60) days.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment, (Doc. 29), will be denied without prejudice. The Court will direct the Clerk of Court to vacate the entry of default against Defendants Lianna Ng and 233 King Arthur, LLC. (Doc. 28). Plaintiff will be granted a sixty (60) day extension to perfect service on each of the Defendants. A separate Order follows.

Robert D. Mariani
United States District Judge